IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, CHEVRON ENVIRONMENTAL SERVICES COMPANY, TEXACO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INDIAN REFINING I LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Case No. 02-cv-4162-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiffs Chevron Environmental Management Company, Chevron Environmental Service Company and Texaco, Inc. for default and default judgment against defendant Pioneer Asphalt Corporation ("Pioneer") (Doc. 310). Counsel for Pioneer entered an appearance and filed an answer on Pioneer's behalf in March 2004. Counsel subsequently moved in May 2004 to withdraw from the case, and on June 14, 2004 Magistrate Judge Frazier directed Pioneer to appear by new counsel within 21 days. He warned Pioneer that failure to do so would subject Pioneer to entry of default and directed Pioneer's withdrawn counsel to send a copy of the June 14 order to Pioneer at its last known address. No counsel has appeared for Pioneer since Magistrate Judge Frazier's June 14 order. Furthermore, the record reflects that the motion for default and default judgment was served on Pioneer at the same address, yet Pioneer failed to respond in any way to the pending motion.

The Court finds that Pioneer's failure to appear by new counsel within 21 days of Magistrate Judge Frazier's June 14, 2004, order constitutes a failure to comply with a pretrial order under Federal Rule of Civil Procedure 16(f). The Court further notes that Pioneer's failure to appear by counsel has persisted for approximately 19 months since Magistrate Judge Frazier's order and that Pioneer has not corrected this deficiency even after becoming aware that the

plaintiffs were seeking entry of default. All things considered, the Court finds that Pioneer's failure to comply with Magistrate Judge Frazier's order and failure to object to entry of default after receiving notice justifies default as a sanction under Rule 16(f). *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918-19 (3d Cir. 1992); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991). Accordingly, the Court **GRANTS** the motion **in part** to the extent that it seeks entry of default (Doc. 310) and finds that Pioneer is **DEFAULTED**. The Court **RESERVES RULING** on the remaining portion of the motion requesting default judgment (Doc. 310) and **ORDERS** a telephone status conference on the remaining portion of the motion on January 26, 2006, at 9:00 a.m. (Central Time). Counsel for plaintiffs is to place the call. The Court's phone number is 618-439-7720. The Court **DIRECTS** the Clerk of Court to send a copy of this order to Pioneer Asphalt Corporation, 366 North Broadway, Jericho, New York 11753.

**SO ORDERED:**

                                             s/ J. Phil Gilbert
                                                   **Judge**

**Dated this 19th day of January, 2006.**